# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**YUSUF BROWN,**

      **Plaintiff,**

                                      **Civil Action 2:10-cv-822**

      **v.**                                    **Judge GREGORY L. FROST**

                                      **Magistrate Judge E.A. Preston Deavers**

**WARDEN ROSS CORRECTIONAL
INSTITUTION, et al.,**

      **Defendants.**

## DISCOVERY OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983 in which Plaintiff, Yusuf Brown, an African-American inmate in the custody of the Ross Correctional Institution ("RCI") who is proceeding without the assistance of counsel, alleges that Defendants' unwritten policy of assigning cellmates on the basis of race violates his right to equal protection under the Fourteenth Amendment.[1] Plaintiff also alleges that Defendants retaliated against him for complaining of racial segregation. This matter is before the Court for consideration of Plaintiff's multiple Motions to Compel, Plaintiff's Motion for Sanctions, Warden Jeffreys' Motion to Quash Subpoena, and the parties' responses and replies to these Motions. For the reasons that follow, the Court **DENIES** Plaintiff's Motions to Compel (ECF Nos. 27, 33, 37, and 40),

---

[1]Plaintiff names in his Complaint the following Defendants in their individual and official capacities: Warden Jeffreys, RCI Warden; Michael Sheets, former RCI Warden; and "All officials, officers, agents, and employees," whom Plaintiff explains he named because the "complete listing of names is presently unknown" and whom he later references as "John and Jane Does." (Compl. 6–7, ECF No. 9). In total, Plaintiff's Complaint references eleven John Does and two Jane Does.

**DENIES** Plaintiff's Motion for Sanctions (ECF No. 50), and **GRANTS** Defendant Warden Jeffreys' Motion to Quash Subpoena (ECF No. 66).

## I.

Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Federal Rule of Civil Procedure 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Court need not compel discovery of relevant material, however, if it determines that the request is "unreasonably cumulative or duplicative . . . [or] the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii). Further, in considering the scope of discovery, the Court may balance a plaintiff's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

## II.

**A.    Plaintiff's First Motion to Compel (ECF No. 27)**

In his first Motion to Compel, Plaintiff asks the Court to overrule Defendants' Objections (ECF No. 27-1) and order the ten individuals he identified in his Requests for Admissions (ECF No. 34-1) to respond.  Plaintiff identifies these ten individuals as RCI employees.  Defendants timely objected to Plaintiff's Requests for Admissions, asserting that the ten individuals to whom the Requests were directed are not parties to this action.  Defendants explain that none of the ten individuals are identified in the Complaint as Defendants, nor has Plaintiff individually served any of them with a summons or a copy of the Complaint.  Plaintiff counters that these ten individuals are parties to this action, referencing his attempt to serve "All officials, officers, agents, and employees of Ross Correctional Institution," with a single summons and a copy of his Complaint.  (Pl.'s First Mot. to Compel 2, ECF No 27.)

The Court **SUSTAINS** Defendants' objections and **DENIES** Plaintiff's first Motion to Compel.  Pursuant to Federal Rule of Civil Procedure 36, only parties to an action are required to respond to properly-served requests for admission.  Federal Rule of Civil Procedure 10(a) requires a plaintiff to "name all the parties" in the Complaint.  Fed. R. Civ. P. 10(a).  As the Court explained in its April 20, 2011 Show Cause Order:  "Though the naming of pseudonymous defendants is permissible where the party requires discovery to identify the true identity of the defendants, the party must subsequently amend the complaint to reflect the discovered identities and effect service over those named parties within Rule 4(m)'s 120-day window."  (ECF No. 57.)  To date, Plaintiff has failed to amend his Complaint to substitute the real names for his John and Jane Doe Defendants.  More specifically, Plaintiff has not amended his Complaint to substitute in the names of the ten individuals upon whom he propounded his Requests for

3

Admissions.  These ten individuals are, therefore, at this juncture, not parties to this action.

Consequently, pursuant to Rule 36, the Court **SUSTAINS** Defendants' objections.

**B.      Plaintiff's Second and Third Motions to Compel (ECF Nos. 33 and 37)**

In his second Motion to Compel, Plaintiff seeks a Court order compelling Defendants to

respond to his Interrogatories and Requests for Production of Documents (ECF No. 35-1).  After

Plaintiff filed this Motion, Defendants responded to Plaintiff's written discovery, albeit more

than a month after responses were due.  Defendants contemporaneously filed a Memorandum in

Opposition to Plaintiff's second Motion to Compel.  (ECF No. 35.)  Plaintiff thereafter filed his

Reply.  (ECF No. 38.)  In his Reply, Plaintiff asserts that Defendants waived their objections

because they did not timely assert them.  Additionally, Plaintiff again asks the Court for an order

compelling Defendants to fully respond to those requests to which Defendants have objected.

The Court, in its discretion, excuses the untimeliness of Defendants' objections for good

cause shown.  Federal Rules of Civil Procedure 33 and 34 require the responding party to

respond within 30 days after being served with the discovery requests.  Fed. R. Civ. P. 33(b)(2)

and 34(b)(2)(A).  Rule 33 provides that any ground for objecting to an interrogatory "not stated

in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R.

Civ. P. 33(b)(4).  Although Rule 34, governing requests for production of documents, does not

expressly provide relief for delinquent objections, courts have nonetheless likewise granted such

relief upon a showing of good cause.  *See, e.g.*, *Brown v. Stroud*, No. C-08-02348-VRW, 2010

WL 3339524, at *1 (N.D. Cal. Aug. 24, 2010); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240

(D.D.C. 1999).  Here, Defendants have articulated non-frivolous grounds for their delay.

Specifically, Defendants state that Plaintiff propounded his requests upon "the defendants,"

without clarifying to whom the requests were directed.  Defendants explain that Plaintiff believes

that all of RCI's more than 500 employees are defendants, and thus, Plaintiff's failure to specify

to whom the requests are directed is significant, rendering the requests defective.  In addition,

Defendants assert that waiver would be prejudicial to them, subjecting them to irrelevant and

burdensome requests, and more significantly, would create serious security risks if they were

forced to comply with Plaintiff's discovery requests.  Furthermore, Plaintiff alleges no prejudice

or adverse impact resulting from the minimal delay.  Accordingly, the Court now turns to the

merits of Defendants' objections to Plaintiff's discovery requests.

Defendants object to the following interrogatories:

1. State the names titles race and duties of all staff members, employees and officers, and all other persons working at the Ross Correctional Institution (R.C.I.).  If those duties are set forth in any job description or other document, produce the document.

\*       \*       \*

4. State the total number of inmates who where housed at R.C.I. with members of the same race and the total number of inmates at R.C.I. who were housed with members of a different race, listed in order by each individual cell block and each individual day of the following months: January, 2010; March, 2010; June, 2010 and August, 2010.

   If those statistics are set forth in any policy, directive, manual or other document, produce the document.

5. State the number, names and race of all new inmate arrivals at R.C.I. from January 1, 2010 until June 1, 2010, and state the number, name race and cell location of all of those new inmate arrivals first cellmates upon their arrival.  If those listings and or statistics are listed or set forth in any policy, directive or other document, produce the document.

6. State the number, name and race of all inmates who were placed in segregation (A.K.A. "the hole") from January 1, 2010 until March 1, 2010 and the number, name, race and cell location of the inmates who those inmates were first placed in the cell with when placed in segregation at R.C.I.  If those listings and/or statistics are

set forth or listed in any policy, directive or other document, produce the document.

7.    State the number, name and race of all inmates who were released from segregation (A.K.A. "the hole") from January 1, 2010 until March 1, 2010 and the number, name, race and cell location of the inmates who those inmates were first placed in the cell with upon their release from segregation back into R.C.I. general population. If those listings and/or statistics are set forth or listed in any policy, directive, or other document, produce the document.

(Def.'s Responses to Pl's Ints. and Reqs. for Prod. of Docs. 1–3, ECF No. 35-2.)  In addition,

Defendant objects to the following document requests:

1.    The medical records of Yusuf Brown;

2.    The mental health records of plaintiff Yusuf Brown;

3.    The "Master Record" of plaintiff Yusuf Brown;

4.    The dates and scheduled times that the R.C.I. "Rules Infraction Board" conducted hearings from May 23, 2010 until June 7, 2010;

5.    The dates and scheduled times that the Corrections Officer Martinez came to work between May 23, 2010 until June 7, 2010;

6.    A copy of all Mental Health Assessment forms prepared by mental health for the Rules Infraction Board for R.I.B hearings involving conduct reports against Yusuf Brown in accordance with A.R. 5120-9-07 (D)(2), for the time that plaintiff Yusuf Brown arrived at R.C.I. (8/2009) until the date of your response.

(*Id*. at 3–4.)

The Court considers Defendants' objections to these requests in turn.  Because Plaintiff's third Motion to Compel concerns the information that is the subject of interrogatories four through seven, the Court addresses this Motion and those interrogatories together.

### 1.    Interrogatory One (Information on All RCI Staff Members)

Defendants object to Plaintiff's first interrogatory on the grounds that the request is

6

overly broad, unduly burdensome, and not relevant.  Defendants represent that RCI employs more than 500 individuals.  Plaintiff responds that this request is relevant to his determination of the proper names of his John and Jane Doe Defendants.  Plaintiff also maintains that his request is not burdensome because Defendants have a "roster" with this information on it.  (Pl.'s Reply 3, ECF No. 38.)  Plaintiff does not address Defendants' argument that the requests are overly broad.        The Court **SUSTAINS** Defendants' objection to this interrogatory because it is overly broad.  Plaintiff's Complaint references exactly eleven John Does and two Jane Does. Plaintiff's current request seeks extensive information on all of RCI's more than 500 employees. Plaintiff must narrow the scope of his request.

### 2.    Interrogatories Four Through Seven (Racial Composition of Cells)

In response to interrogatories four through seven, Defendants provided Plaintiff with a spreadsheet showing the cell assignments and racial composition for every RCI housing unit, including the segregation unit, as of December 13, 2010.  Defendants redacted the inmate names and numbers from the spreadsheet.  Defendants object to Plaintiff's request for inmate names and numbers, stating that disclosure of such information to an inmate raises security concerns. Defendants represent that they could not produce this type of spreadsheet for the other dates Plaintiff requests because RCI does not retain historical cell composition information.

In his Reply in support of his Second Motion and again in his third Motion to Compel, Plaintiff characterizes Defendants' objection to his requests for inmate names and numbers as "frivolous," contending that such information is a matter of public record.  (Pl.'s Reply 4, ECF No. 38; Pl's 3d Mot. to Compel 2, ECF No. 37.)  In Plaintiff's Reply in support of his third Motion, however, he agrees to "compromise on this issue."  (Pl's Reply 1, ECF No. 41.) Plaintiff also contends that the discovery documents Defendants have already produced

contradicts Defendants' assertion that RCI does not maintain information on past housing assignments. Specifically, Plaintiff references a document Defendants produced that shows every cell that Plaintiff has been housed in, beginning in May 1996 and continuing through November 2010. Plaintiff also references the December 2010 racial composition spreadsheet. Plaintiff, in his third Motion to Compel, again asks the Court to order Defendants to produce this information.

In Defendants' response to Plaintiff's third Motion to Compel, Defendants reiterate that they do not retain the information Plaintiff seeks. Defendants explain that although they can trace the cell history of a specific inmate back in time, they cannot do this for the inmate population as a whole. Defendants also explain that the December 2010 racial composition spreadsheet was a "snapshot" created on December 13, 2010, taken at the request of their counsel. (Def.'s Opp. to Pl.'s 3d Mot. to Compel 3, ECF No. 39.)

In light of Plaintiff's agreement to "compromise," it is unnecessary for the Court to consider the merits of Defendants' objections to providing inmate names and numbers. The Court **SUSTAINS** the remainder of Defendants' objections relating to these interrogatories. Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have. Moreover, Defendants have no duty to create documents simply to comply with Plaintiff's request. *See Smallwood v. Collins*, No. 2:08-cv-679, 2010 WL 2044953, at *3 (S.D. Ohio May 21, 2010) (citation omitted) ("Defendants have no duty to create a report for Plaintiff or to produce documents that do not exist or which are not within the Defendants' custody and control.") Accordingly, the Court **DENIES** Plaintiff's third Motion to Compel. (ECF No. 37.)

**3. Requests for Production One Through Three and Six (Medical, Mental Health, and Master Records and Mental Health Assessment Forms)**

Defendants initially objected to Plaintiff's requests for production one through three and six on the grounds of relevancy. Additionally, with regards to Plaintiff's requests for his mental health and master files, Defendants also state that these files "include sensitive security, psychological and Parole Board records that are never shown to inmates because they would cause security problems, interfere with treatment and/or contain information provided by third parties in reliance upon promised confidentiality." (Defs.' Mem. in Opp. to Pl.'s 2d Mot. to Compel 2–3, ECF No. 35.)

Plaintiff asserts that the documents contained in these files will support his allegations of the physical and mental injuries he suffered as a result of the alleged retaliation. Plaintiff contends that Ohio Department of Rehabilitation and Correction ("ODRC") Policy Number 07-ORD-13 contradicts Defendants' position that these files contain sensitive information not shown to inmates.

After Plaintiff filed his Reply in Support of his Second Motion to Compel, RCI staff arranged for Plaintiff to review his medical file and make copies of documents he wanted. (Heiss Decl. ¶ 3, ECF No. 69-1.) Plaintiff did, in fact, review his medical file and request documents, which were provided to him on April 7, 2011. (*Id*. at ¶ 3.) In addition, Defendants provided Plaintiff with copies of his mental health assessment forms in response to his second and sixth requests for production of documents. Thus, the Court considers the matter of Defendants' objections to Plaintiff's first two and sixth requests moot.

With regards to Plaintiff's third request for production of his master record, the Court **SUSTAINS** Defendants' relevancy objection. "The proponent of a motion to compel discovery

9

bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-CV-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio September 25, 2006), citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999).  Here, the Court declines to order production of the master record as a whole. Plaintiff has not set forth the specific types of documents contained in his master record that he believes are relevant and different from the records he has already received in response to his requests for his medical and mental health files.  Moreover, according to the policy Plaintiff cites, ODRC Policy Number 07-ORD-13, there is a procedure for Plaintiff to obtain such records himself, so long as "the release of information will not endanger either the inmate or others and is not prohibited by law or statute."  (ODRC Policy No. 07-ORD-13 3, ECF No. 38-1.)  Finally, the Court recognizes that Defendants have a valid interest in maintaining prison security and in providing medical treatment to their inmates.  Thus, for this additional reason, without any showing that the documents contained in the master record are relevant, the Court declines to order production.

    **4.**      **Requests for Production Four and Five (Dates and Times of R.I.B. Hearings and Officer Martinez's Schedule)**

Defendants object to Plaintiff's fourth and fifth requests for production, asserting that these requests are not relevant to Plaintiff's equal protection or retaliation claims.  Plaintiff asserts that this information is relevant because "John Doe # 11 . . . used false statements to secure a conviction of Plaintiff . . . ."  (Pl.'s 2d Mot. to Compel 7, ECF No. 33.)  Plaintiff appears to suggest that the requested information will prove that John Doe Number 11 is not credible.

The Court **SUSTAINS** Defendants relevancy objection.  Plaintiff has failed to

sufficiently explain how the dates and times of the R.I.B. meetings or Officer Martinez' schedule

bears on or reasonably could lead to information bearing on his allegations that Defendants have

retaliated against him for complaining of racial segregation.

**C.      Plaintiff's Fourth Motion to Compel (ECF No. 40.)**

In Plaintiff's Fourth Motion to Compel, he asks the Court to Compel Defendants to

respond to the following two requests:

> 1.      State the month, day, and year or all incidents of violence, at
> R.C.I., involving one or more individuals, along with a brief
> description of the incident and its resolution, from January 1, 2009
> till the date of your response.
>
> > For example: "On June 3, 2009, 3 inmates alleged to be
> > Aryan Nation gangmembers were seen by officer X
> > fighting two inmates alleged to be skinhead gangmembers.
> > The inmates plead guilty to fighting and were each given a
> > sentence of 10 days, credit for time served."
>
> > If those incidents are listed in any directive, manual, incident
> > report or other document, produce the document.
>
> 2.      State all items found at R.C.I. that were classified as a weapon of
> any kind, give a brief description of the item, and the date and
> location it was found, from January 1, 2009, till the date of your
> response.

(ECF No. 40.)  Defendants object to the first request, asserting that it is overly broad, unduly

burdensome, vague, and not relevant.  Defendants also assert that this request implicates security

concerns, explaining that providing an inmate with such a detailed log of incidents of inmate-on-

inmate violence would compromise prison safety and security.  Defendants likewise object to

Plaintiff's second request on these same grounds.

Again, the Court **SUSTAINS** Defendants' objections.  Plaintiff has failed to demonstrate

that the information he seeks is relevant to establishing that Defendants employ an unwritten

policy of racial segregation in cell assignments.  The Court therefore concludes that Defendants'
legitimate interest in maintaining security and safety of staff and other inmates outweighs
Plaintiff's need for the information.

**D.  Motion for Sanctions (ECF No. 50)**

The Court summarily **DENIES** Plaintiff's Motion for Sanctions.  Plaintiff asserts that
Defendants were uncooperative in discovery and should be sanctioned.  Plaintiff further asserts
that Defendants repeatedly responded and objected to every discovery request Plaintiff made
with the purpose to harass Plaintiff and cause unnecessary delay.  Plaintiff's characterization of
Defendants' discovery responses is inaccurate.  As set forth above, the Court has concluded that
many of Defendants' objections to Plaintiff's discovery requests are valid.  The Court therefore
finds that Plaintiff has failed to show that Defendants' or their counsel's conduct warrants the
imposition of sanctions under Federal Rules of Civil Procedure 11(c) or 37.  Accordingly, the
Court **DENIES** Plaintiff's Motion for Sanctions.  (ECF No. 50.)

**E.  Defendant Warden Jeffreys' Motion to Quash Plaintiff's Subpoena (ECF No. 66)**

Plaintiff served Charlie Heiss, RCI Warden Jeffreys' Assistant, with a subpoena duces
tecum, requesting the same information he requested in request numbers four through seven of
his first Interrogatories and Request for Production of Documents.  (ECF No. 35-1.)  Defendant
Warden Jeffreys maintains that the subpoena is defective and that even if it was proper, RCI does
not maintain the information Plaintiff seeks.  As set forth above at Section II.B.2, the Court
cannot order production of documents that do not exist; Defendants have no duty to create
documents simply to comply with Plaintiff's request.  The Court therefore **GRANTS** Defendant
Warden Jeffreys' Motion to Quash.

**III.**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions to Compel (ECF Nos. 27, 33, 37, and 40), **DENIES** Plaintiff's Motion for Sanctions (ECF No. 50), and **GRANTS** Defendant Warden Jeffreys' Motion to Quash Subpoena (ECF No. 66).

**IT IS SO ORDERED.**

Date:  May 16, 2011                                    _____/s/ *Elizabeth A. Preston Deavers*_____
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge

13