# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**YUSUF BROWN,**

    **Plaintiff,**

    v.

            **Civil Action 2:10-cv-822**
            **JUDGE GREGORY L. FROST**
            **Magistrate Judge E.A. Preston Deavers**

**WARDEN ROSS CORRECTIONAL INSTITUTION,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. § 1983 in which Plaintiff, Yusuf Brown, an African-American inmate in the custody of the Ross Correctional Institution ("RCI") who is proceeding without the assistance of counsel, alleges that Defendants' unwritten policy of assigning cellmates on the basis of race violates his right to equal protection under the Fourteenth Amendment. This matter is before the Court for consideration of Plaintiff's Motion for Class Certification and Appointment of Class Counsel. (ECF No. 85.) For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion.

Federal Rule of Civil Procedure 23 governs the certification and maintenance of class actions. Rule 23, in relevant part, provides:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
>> (1) the class is so numerous that joinder of all members is impracticable;
>>
>> (2) there are questions of law or fact common to the class;
>>
>> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>>
>> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Thus, a court may not certify a class action unless the named plaintiffs satisfy all four of the prerequisites set forth in subdivision (a). The plaintiffs bear the burden of establishing Rule 23(a)'s requirements. *In re American Med. Sys, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Because a final judgment in a class action binds class members, this Court must "conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." *Id*. at 1078–79, 1083 (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)).

In this case, the undersigned finds it unnecessary to consider each of Rule 23(a)'s requirements because Plaintiff is unable to satisfy the fourth prerequisite, that he will fairly and adequately protect the interests of the class members. The United States Court of Appeals for the Sixth Circuit has instructed that to establish adequacy of representation, "'(1) the representative must have common interests with unnamed members of the class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class *through qualified counsel*.'" *In re American Medical Sys.*, 75 F.3d at 1083 (emphasis added) (quoting *Senter v. General Motors Corp*., 532 F.2d 511, 525 (6th Cir. 1976)). Because Plaintiff is a non-attorney proceeding *pro se*, he cannot adequately represent a class. *See Ziegler v. Michigan*, 90 F. App'x 808, 810 (6th Cir. 2004) ("[N]on-attorneys proceeding *pro se* cannot adequately

represent a class."); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) ("[*P*]*ro se* prisoners are not able to represent fairly the class."). "This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Consequently, the undersigned **RECOMMENDS** that the Court conclude that Plaintiff may not maintain a class action on behalf of other prisoners.

In an effort to avoid this result, Plaintiff requests appointment of counsel to represent the putative class pursuant to Rule 23. A plaintiff pursuing a civil action does not have a constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Contrary to Plaintiff's assertion, Rule 23 does not authorize the appointment of counsel to represent an indigent plaintiff seeking to certify a class. Although Rule 23(g)(1) requires a court certifying a class to appoint class counsel, a court typically selects the appointed counsel from applicants seeking appointment. *See* Fed. R. Civ. P. 23(g)(2) 2003 advisory committee's note ("In a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment."). Though the Court does have statutory authority to appoint counsel in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to extraordinary situations. *Lavado*, 992 F.2d at 606. The undersigned has evaluated whether such exceptional circumstances exist in this case, and determines that the appointment of counsel is not warranted at this juncture. *Cf. Carney v. Treadeau,* No. 2:07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008) ("It would be putting the cart before the horse for the court to certify a class based on contingent events such as survival of the case to summary judgment and the location of an attorney both willing and able to take on a case of the tremendous magnitude proposed by plaintiffs.") Accordingly, the undersigned

**RECOMMENDS** that the Court **DENY** Plaintiff's request for appointment of counsel.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: December 1, 2011   /s/ *Elizabeth A. Preston Deavers*
                         Elizabeth A. Preston Deavers
                         United States Magistrate Judge